Mathews, J.
delivered the opinion of the court. This is a case in which the plaintiffs obtained an attachment against the property of the defendant, who was absent from the state. The attachment was afterwards dissolved, on the disproval of the facts by the latter, in conformity with the provisions of our attachment laws; whereupon the plaintiffs appealed.
In support of this action, in its present form» *415 the appellants contend that any kind of absence. of the defendant from the jurisdictional limits of the state will authorise a proceeding by attachment against his property. They rely on the act of the territorial legislature, in 1807» w hich provides that 44 in all cases, when an attachment is prayed for, against a debtor, absent from the territory, the plaintiff shall, previous to bis obtaining the attachment, give bond, &c.” 1 Martin’s Digest, 518, n. 3.
Workma n for the plaintiffs, Morse, for the defendant.
This law must be taken and construed in conjunction with the o^ber acts on the «ame snb-jert. Tt seems to have heen intended for the benefit of the defendants, in cases of attachment, and does not enlarge the privilege granted to the creditor, in case of the absence of the debtor.
The kind of absence or rather non-residence, on which an attachment may be supported, is well defined in the act of 1805, § 11, Í Martin’s Digest, 51S, n. 1, and in our opinion does not embrace the present case.
It is, therefore, ordered, adjudged and decreed that the judgment of the parish court be affirmed with costs.